WILKINS, Plaintiff in error, v. STATE, Defendant in error.

*No. State 50. Decided February 4, 1975.*
(Also reported in 225 N. W. 2d 492.)

For the plaintiff in error there was a brief by *Anthony K. Karpowitz,* Legal Aid Society of Milwaukee.

For the defendant in error: *Victor A. Miller,* attorney general, and *David J. Becker,* assistant attorney general.

DAY, J. The state petitions for confession of error as to a portion of the sentence imposed on plaintiff in error and for summary affirmance of the remainder of the sentence.

Plaintiff in error Melvin Wilkins was found guilty of sexual perversion contrary to sec. 944.17, Stats., upon his plea of guilty and sentenced to five years in prison, the maximum for the offense, on August 16, 1973. On No-

vember 14, 1973, ninety days after sentence was imposed, plaintiff in error filed a motion for reduction of his sentence. One of the grounds for the motion was:

"The defendant was incarcerated prior to judgment of sentence for a period of three months under $7,000 bond."

On December 17, 1973, the motion was amended and an affidavit was filed in which plaintiff in error alleged that he was incarcerated for a total period of 118 days awaiting trial, and that for eighty-nine of those days he was unable to raise bail because of indigency. The motion for reduction of sentence was denied and a writ of error was issued to review the order.

On October 31, 1974, in the case of *Byrd v. State* (1974), 65 Wis. 2d 415, 424, 222 N. W. 2d 696, this court said:

"We hold that a defendant must be given credit for time spent in custody prior to conviction to the extent such time added to the sentence imposed exceeds the maximum sentence permitted under the statute for such offense, provided such time spent in custody was a result of the criminal charge for which a prison or jail sentence is imposed or as a result of the conduct on which such charge is based, provided further that such custody was the result of the defendant's financial inability to post bail."

In view of our holding in *Byrd,* under date of November 22, 1974, the state of Wisconsin by the attorney general filed a petition in this court for confession of error as to the eighty-nine day period in which Mr. Wilkins was incarcerated prior to conviction and unable to post bond. The state also moved for summary affirmance of the remainder of the sentence on the ground there is no allegation that Mr. Wilkins was unable to post bond for the balance of the time he spent in jail prior to his conviction. This motion is not opposed by Mr. Wilkins.

Because the facts are not in dispute, we approve the state's petition for confession of error as to sentence credit for the eighty-nine days and grant the state's motion for summary affirmance of the remainder of the sentence. Rather than return this matter to the trial court for modification of sentence, we modify the sentence imposed by reducing it to provide for a term not to exceed four years and 276 days as of the date sentence was originally imposed.

*By the Court.*—The order denying plaintiff in error's motion for reduction of sentence is reversed. The sentence is modified to not exceed four years and 276 days, and, as modified, the judgment of conviction and sentence is affirmed.